UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CARY PICKETT, | ) |
| Plaintiff, | ) ) ) |
| v. | )   2:09-cv-01695-PMP -VCF ) |
| NEVADA BOARD OF PAROLE COMMISSIONERS, *et al.*, | )   **O R D E R** ) ) ) |
| Defendant. | ) ) |

Before the court are plaintiff Cary Pickett's Motions To Compel (#28 and #30)[1] and Motion To Extend Discovery Plan and Scheduling Order (#31). Defendants Nevada Board of Parole Commissioners and Nevada Department of Public Safety Division of Parole and Probation filed an Opposition to the Motion to Compel (#32), and plaintiff filed a Reply (#33). The court held a hearing on April 19, 2012.

**Background**

Plaintiff Pickett filed his complaint on August 31, 2009, against defendants for alleged violations of 42 U.S.C. § 1983 that occurred as a result of the Parole Board revoking plaintiff's parole until expiration. (#1). Plaintiff was arrested on July 14, 2006, and a probation "hold" was placed on him. *Id.* Plaintiff attended a September 7, 2006, hearing to adjudicate the status of his parole. *Id.* Plaintiff was found guilty on all charges, and the Parole Board reinstated plaintiff's grant of parole with a four month sanction. *Id.* Plaintiff was to be released on January 8, 2007. *Id.* On October 17, 2006, plaintiff entered a guilty plea with respect to the charges related to the July 14, 2006, arrest, and plaintiff served the four month sanction. *Id.*

---

[1] Plaintiff filed his motion to compel (#28) and exhibits (#29) as two separate documents on February 10, 2012. On February 23, 2012, plaintiff filed essentially the same motion to compel, but attached the exhibits thereto. (#30).

On January 8, 2007, plaintiff was released. *Id.* The Division of Parole and Probation allegedly caused plaintiff to be booked into Clark County Detention Center, claiming plaintiff's October 17, 2006, "guilty plea for the July 14, 2006, arrest as the basis for a parole violation." *Id.* Plaintiff alleges that when he appeared before the Parole Board on March 29, 2007, the Parole Board addressed the "exact same violation as was addressed at the September 7, 2006, Parole Board hearing" where plaintiff received a four month sanction. *Id.* Plaintiff objected, asserting Double Jeopardy, violations of Nevada law, and violations of Due Process rights. *Id.* The Parole Board continued with the hearing, and revoked plaintiff's parole until expiration, nine months later. *Id.* Plaintiff served this additional time, and was released. *Id.* Plaintiff asserts that he was wrongfully imprisoned, that defendants had "no legitimate purpose in depriving plaintiff of his liberty," and that the defendants' decision to revoke his parole on March 29, 2007, was not only untimely, but was in violation of plaintiff's right of protection from Double Jeopardy. *Id.*

**Motion To Compel**

    **A.**    **Relevant Facts**

On October 3, 2011, the court entered the parties' Revised Joint Discovery Plan and Scheduling Order (#25). Pursuant to the discovery plan, the parties' initial disclosures were due on October 7, 2011, discovery cut-off date was February 29, 2012, and dispositive motion were due on March 30, 2012. *Id.* Plaintiff served defendants with his initial disclosures on October 5, 2011. (#30). To date, defendants have not served plaintiff with their initial disclosures. *Id.* On November 16, 2011, plaintiff's counsel sent a letter to defense counsel regarding the failure to provide initial disclosures. (#33-1). No response was received. (#30). On November 16, 2011, plaintiff served defendants with requests for admissions, requests for production of documents, and interrogatories. *Id.* On December 19, 2011, defendants served plaintiff with their responses to the requests for admissions. *Id.* On December 20, 2011, defendants requested an extension of time to respond to the production of documents and interrogatories until January 3, 2012, which plaintiff granted. (#33-2). No responses

2

were received on January 3, 2012. (#30).

On January 24, 2012, plaintiff's counsel sent a letter requesting that defendants serve their responses no later than January 27, 2012. (#33-3). On January 27, 2012, defense counsel sent a letter stating that they were "currently working on obtaining all the documents sought in [plaintiff's] requests for production and the information sought in [plaintiff's] interrogatories." (#33-4). Defense counsel sought a seven-day extension. *Id.* Plaintiff's counsel agreed to the seven-day extension, and stated that "[g]iven the shortened period of time between your anticipated production and responses and the cut-off date, we will need to file a motion with the court to extend the discovery schedule." (#33-5). Plaintiff's counsel asked defense counsel if they would stipulate to extending discovery. *Id.* Plaintiff's counsel also indicated that if responses were not received by February 3, 2012, plaintiff would be moving to compel and for sanctions. *Id.* To date, no discovery responses have been received. (#30). Plaintiff filed his first motion to compel on February 10, 2012 (#28), and his second motion to compel on February 23, 2012 (#30).

### B.   Arguments

Plaintiff asserts that despite plaintiff's cooperation, persistence, and willingness to grant multiple extensions for defendants to respond to the discovery requests, defendants have failed to provide plaintiff with *any* responses. (#30). Plaintiff argues that due to defendants' failure to participate in discovery, defendants have waived any objections to the requests, and must be compelled to provide immediate complete responses. *Id.* Plaintiff also asserts that defendants should be sanctioned under Rule 37 for their behavior. *Id.* Defendants oppose the motion, and assert that the plaintiff's requests "sought a wide breath of information," and are "profoundly overbroad." (#32). Defendants argue that the "State cannot comply with a number of requests sought by [p]laintiff," and that the State "has no obligation, and in some instances [is] prohibited from, turning over parole files as well as documents considered by the Parole Board in revoking [p]laintiff's parole." *Id.* Defendants state that they have been "acting diligently in order to comply with the competing interests of civil discovery and

confidentiality of documents." *Id.* The defendants ask this court to deny the motion to compel, and assert that plaintiff failed to meet and confer with regard to the initial disclosures and the written discovery requests as required by the local rules. *Id.*

In plaintiff's reply, he asserts that it is "un-controverted by [d]efendants that they have failed and refused to comply with their Rule 26 initial disclosure requirements for nearly five months, or their Rule 33 and 34 requirements to provide discovery responses for more than four months." (#33). Plaintiff also asserts that, as evidenced by the letters between plaintiff and defense counsel, plaintiff has "made significant efforts to meet and confer over [d]efendants' refusal to provide discovery." *Id.* Plaintiff argues that it "is unclear what further efforts [d]efendants contend should have been undertaken by [p]laintiff given the [d]efendants' utter failure and refusal to disclose a single witness, provide a single document, or respond to a single interrogatory for months." *Id.*

Plaintiff also argues that the defendants' assertion that the discovery sought is overbroad is irrelevant to their refusal to respond to any discovery. *Id.* As the correspondence demonstrates, defendants did not object to the requests as overbroad until filing the opposition to the motion, and only asserted during the communications that they were "still currently working on obtaining" documents and information sought. *Id.* Defendants could have timely objected to the written discovery, but instead they **"completely failed to respond."** *Id.* Plaintiff asserts that defendants have waived any objections to the written discovery. *Id.* Plaintiff also argues that the defendants' "overbreath" argument is completely irrelevant to the defendants' failure to provide their initial disclosures as required by Rule 26. *Id.*

Plaintiff argues that sanctions are appropriate for defendants' failure to adhere to the requirements of the federal rules. *Id.* Plaintiff asserts that his counsel has spent four hours preparing the motion, two hours preparing the reply, and two hours reviewing the opposition, at an hourly rate of $350.00 per hour. *Id.* With the time spent attending the hearing on this matter, plaintiff's attorney's fees as a result of defendants' failure to provide discovery will be $2,800.00. *Id.* Plaintiff asks this

4

court to impose sanctions in this amount, and to order defendants to provide plaintiff with full and complete responses and initial disclosures. *Id.*

### C.    Relevant Law/Recommendation

#### 1.    Meet and Confer Requirement

Pursuant to Local Rule 26-7(b), "[d]iscovery motions will not be considered unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have been unable to resolve the matter without Court action." Despite this requirement, courts have held that "special circumstances" or a responding parties' complete failure to respond can obviate a requesting parties' need to meet and confer. See *Guillen v. Bank of America,* 2011 WL 6779310 (N.D. Cal. Dec 27, 2011)(holding that a responding party that completely failed to serve discovery responses cannot "shift responsibility" to the propounding party for not pursuing a meet and confer, and that the propounding party's continuous emails and telephone communications leading up to the filing of a motion to compel amounted to a meet and confer.); *Beckner v. El Cajon Police Dept.,* 2008 WL 2033708 (S.D. Cal. May 9, 2008)(holding that "[t]hough Rule 37(a)(1) normally requires the party moving to compel to have in good faith conferred or attempted to confer with the non-moving party regarding the failure to produce discovery, special circumstances obviate that requirement in the instant case," and that based on the history of the communication between the parties, "it does not appear that further communication between the parties would have been fruitful." ).

Since the commencement of this litigation and the date the court signed the discovery plan, defendants have failed to participate in discovery besides providing responses to requests for admissions. (#30). Throughout the communications between counsel, defense counsel has either not responded or sought an extension and not provided responses within the extended time-frame. (#33-1 through #33-6). Beginning in November 2011, plaintiff's counsel stated that plaintiff would "have no alternative but to bring this issue before the Court." (#33-1). After being granted a two-week extension by plaintiff, defendants did not serve responses on plaintiff, and plaintiff's counsel was forced to send

5

a letter to defense counsel seeking responses. (#33-3). In this letter dated January 24, 2012, plaintiff's counsel again insisted that the plaintiff would be moving to compel and for sanctions, and that if defense counsel had "any additional questions or concerns," to contact plaintiff's counsel. *Id.*

After granting *another* extension on January 30, 2012, plaintiff's counsel stated in a letter that "[a]s you are aware, we have conferred about this discovery issue a number of times," and that if plaintiff did not receive "adequate responses we will be moving to compel responses and for appropriate sanctions without further notice." (#33-5). Defendants did not provide any responses even though they were given another extension, and did not even send another correspondence to plaintiff's counsel after the expiration of the deadline. Defendants did nothing.

The court finds that plaintiff's continuous communications amount to a meet and confer, and that in light of the fact that defendants did not provide a single response, there would have been nothing for the parties to meet and confer regarding. See *Guillen,* 2011 WL 6779310. It is clear based on defendants' history regarding discovery in this action, that further communications from plaintiff's counsel would not have been fruitful. *Beckner,* 2008 WL 2033708. The formal meet and confer requirement is obviated in these circumstances, and defendants cannot shift their responsibility for their complete failure to respond onto plaintiff. *Guillen,* 2011 WL 6779310.

**2.     Defendants' Participation in Discovery**

**a. Initial Disclosures**

Federal Rule of Civil Procedure 26(a)(1), "a party must, without awaiting a discovery request, provide the other parties" with initial disclosures. Rule 37(a)(3)(A) provides that "[i]f a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." Fed. R. Civ. P. 37(a)(3)(A). Pursuant to the discovery plan, the parties' initial disclosures were due on October 7, 2011. (#25). Defendants admittedly have not provided plaintiff with their initial disclosures. Defendants are ordered to provide plaintiff with their initial disclosures by April 26, 2012. The court will also impose sanctions (see section C(3) below). Fed. R. Civ. P.

6

1 | 37(a)(3)(A).

### b. Written Discovery Responses -Waived Objections

Fed. R. Civ. P. 34(a) permits each party to serve the opposing party with document requests within the scope of Rule 26(b) that are "relevant to any party's claim or defense..." or, for good cause shown, "relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b). "The party to whom the request is directed must respond in writing within 30 days after being served," and any "objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(A) and (C). Rule 33 permits a party to "serve on any other party no more than 25 written interrogatories," and provides that the responding party "must serve its answers and any objections within 30 days after being served with interrogatories." Fed. R. Civ. P. 33(a) and (b)(2). "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." *Richmark Corp. v. Timbler Falling Consultants,* 959 F.2d 1468, 1473 (9th Cir. 1992)(citing *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir.1981)).

A party seeking discovery "may move for an order compelling an answer, designation, production, or inspection" if "a party fails to answer an interrogatory submitted under Rule 33," or "fails to respond that inspection will be permitted–or fails to permit inspection–as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iii) and (iv).

It is undisputed that defendants, after being granted two extensions and after plaintiff filing the instant motion, have not served plaintiff with responses to the requests for production of documents or the interrogatories. Upon a review of the interrogatories served upon defendants, the court finds that Interrogatory No. 7 is inappropriate. Defendants are ordered to provide plaintiff with responses to requests and interrogatories, with the exception of Interrogatory No. 7, by May 3, 2012. Fed. R. Civ. P. 37(a)(3)(B)(iii) and (iv). As defendants failed to object within thirty (30) days, defendants have waived any objections, and are ordered to provide complete responses without objection. See *Richmark Corp,* 959 F.2d at 1473.

### 3.     Sanctions

If a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).  The court should not impose such sanctions if no meet and confer was conducted, the responding party's actions were substantially justified, or other circumstances make an award unjust. *Id.*

As previously stated, the meet and confer requirement was satisfied by plaintiff's continuous correspondence, and the formal meet and confer requirement was obviated. *Guillen,* 2011 WL 6779310. Defendants have not provided the court with any justification for their complete failure to respond to written discovery or to provide plaintiff with their initial disclosures. (#32). Defendants attempt to shift the responsibility, and only assert that they have been "acting diligently" and that the requests are overbroad. *Id*. These purported "justifications" are insufficient, as defendants could have objected to the alleged overbroad requests or interrogatories, and should have sought another extension from plaintiff if they needed more time to comply.  An award of fees would not be unjust, as defense counsel is aware of the requirements under the local and federal rules, yet failed to comply with these rules with regard to initial disclosures and written discovery, and only raised their objection of over breath in their opposition to the motion to compel.  Sanctions are therefore appropriate, and defendants are ordered to pay plaintiff $1,000 in sanctions. Fed. R. Civ. P. 37 (a)(5)(A).

**Motion For Extension**

Pursuant to the discovery plan, the parties' initial disclosures were due on October 7, 2011, discovery cut-off date was February 29, 2012, dispositive motion were due on March 30, 2012, and the joint pretrial order is due on April 27, 2012. (#25). Any extension of the discovery plan was to be requested 20 days before February 29, 2012. *Id.*

Plaintiff asserts that based on the defendants' failure to participate in discovery, a discovery

8

1  extension is necessary. (#31).  Plaintiff asks this court for a discovery cut-off date of May 28, 2012,
2  dispositive motions deadline of June 28, 2012, and the joint pretrial order due on July 26, 2012. *Id*.
3  Plaintiff argues that he has been unable to proceed with any further written discovery or take
4  depositions, as "[p]laintiff is unaware of the identities of any [d]efendants' witnesses or what evidence
5  upon which [d]efendants may rely." *Id.*  Plaintiff asserts that this motion was not filed less than 21 days
6  before the discovery deadline, because he "justifiably relied on [d]efendants' assertion that their
7  discovery responses were forthcoming." *Id.*

8  Local Rule 26-4 requires that applications to extend any date set by discovery must be
9  "supported by a showing of good cause for the extension," and that a request made after 21 days before
10 the deadline will not be granted "unless the movant demonstrates that the failure to act was the result
11 of excusable neglect..."  Based on defendants' failure to participate in discovery which caused the delay
12 in discovery, good cause exists to grant plaintiff's motion to extend discovery. LR 26-4. Plaintiff's late
13 filing of the motion for extension is the result of excusable neglect, as plaintiff demonstrated that he
14 diligently tried to urge defendants to participate in discovery to no avail, and reasonably relied upon
15 defendants' assertions that responses were forthcoming. *Id.*

16 As defendants have not participated in discovery, the court is not extending discovery for
17 defendants.  The court will extend discovery as follows: Plaintiff is permitted to conduct a total of 6
18 depositions, which will result in fifteen (15) hours of total exam time, before June 1, 2012; Defendant
19 is permitted to exam each of plaintiff's deponents for one (1) hour; Joint Pretrial Order is due on or
20 before July 2, 2012; No Dispositive Motions are permitted.

21 Accordingly, and for good cause shown,

22 IT IS ORDERED that plaintiff Cary Pickett's Motion To Compel (#30) is GRANTED in part
23 and DENIED in part, as discussed above.  Defendants shall serve plaintiff with initial disclosures
24 pursuant to Rule 26(a)(1) on or before April 26, 2012.  Defendants shall serve plaintiff with complete
25 responses, without objection, to plaintiff's requests for production of documents and interrogatories,

26

9

excluding Interrogatory No. 7., on or before May 3, 2012.  Failure to timely serve initial disclosures or discovery responses without objection will result in further sanctions.

      IT IS FURTHER ORDERED that plaintiff's request for sanctions is GRANTED.  Defendants shall pay plaintiff $1,000 in sanctions within 14 days from the entry of this order.

      IT IS THEREFORE ORDERED that plaintiff's Motion To Compel (#28) is DENIED as moot.

      IT IS FURTHER ORDERED that plaintiff's Motion To Extend Discovery Plan and Scheduling Order (#31) is GRANTED.  Discovery is closed for defendants, and no dispositive motions may be filed.  The following discovery deadlines apply:

| | |
|---|---|
| June 1, 2012 | Deadline for plaintiff to conduct a total of six (6) depositions; plaintiff's time spent examining these deponents shall not exceed fifteen (15) hours. |
| July 2, 2012 | Deadline for filing Joint Pretrial Order |

DATED this 19th day of April, 2012.

_____
**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**