# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CARY PICKETT,<br><br>        Plaintiff,<br><br>v.<br><br>NEVADA BOARD OF PAROLE<br>COMMISSIONERS, *et al.,*<br><br>        Defendant. | 2:09-cv-01695-PMP -VCF<br><br>**O R D E R**<br><br>(Motion For Sanctions #44) |

Before the court are plaintiff Cary Pickett's Motion for Sanctions Regarding Discovery. (#44). Defendants filed an Opposition (#48), and plaintiff filed a Reply (#49). The court held a hearing on September 19, 2012.

**Motion For Sanctions**

    **A.**    **Discovery History**

On October 3, 2011, the court entered the parties' Revised Joint Discovery Plan and Scheduling Order (#25). Pursuant to the discovery plan, the parties' initial disclosures were due on October 7, 2011, the discovery cut-off date was February 29, 2012, and dispositive motion were due on March 30, 2012. *Id.* Plaintiff served defendants with his initial disclosures on October 5, 2011. (#30). Defendants did not serve plaintiff with their initial disclosures. *Id.* On November 16, 2011, plaintiff served defendants with requests for admissions, requests for production of documents, and interrogatories. *Id.* On December 19, 2011, defendants served plaintiff with their responses to the requests for admissions. *Id.* On December 20, 2011, defendants requested an extension of time to respond to the production of documents and interrogatories until January 3, 2012, which plaintiff granted. (#33-2). No responses were received on January 3, 2012. (#30).

After granting defendants several extensions, plaintiff's counsel informed defense counsel that

if responses were not received by February 3, 2012, plaintiff would be moving to compel and for sanctions. *Id.* No discovery responses were received. (#30). In February of 2012, plaintiff filed two motions to compel, asserting that despite plaintiff's cooperation, persistence, and granting of multiple extensions for defendants to respond to the discovery requests, defendants have failed to provide plaintiff with *any* responses. (#28 and #30). Plaintiff also asserted that defendants should be sanctioned under Rule 37 for their behavior. *Id.* On February 28, 2012, plaintiff filed a motion to extend time regarding discovery. (#31). Defendants opposed the motion to compel, and asserted that the plaintiff's requests "sought a wide breath of information," and were "profoundly overbroad." (#32).

The court held a hearing on the pending motions (#28, #30, and #31) on April 19, 2012. (#38). On the same day, the court entered an order granting in part and denying in part plaintiff's motion to compel (#30), and ordering defendants to "serve plaintiff with initial disclosures pursuant to Rule 26(a)(1) on or before April 26, 2012," and to "serve plaintiff with complete responses, without objection, to plaintiff's requests for production of documents and interrogatories excluding Interrogatory No. 7., on or before May 3, 2012." (#39).

The court also granted plaintiff's request for sanctions, and ordered defendants to pay $1,000 in sanctions within fourteen days from April 19, 2012. *Id.* The court stated that "[f]ailure to timely serve initial disclosures or discovery responses without objection will result in further sanctions." *Id.* The court granted plaintiff's motion to extend discovery (#31), and held that discovery was closed for defendants because "defendants have not participated in discovery," and that no dispositive motions may be filed. *Id.* Plaintiff was permitted to conduct six (6) depositions on or before June 1, 2012, and the Joint Pretrial Order deadline was set for July 2, 2012. *Id.*

On May 9, 2012, plaintiff filed a notice of taking depositions of David Bartlett and John Freeman on May 30, 2012, and of David Smith on May 31, 2012. (#40). On May 22, 2012, plaintiff filed a notice of taking depositions of Lt. John DelVillan on May 31, 2012, and of Commissioner Maurice Silva and Commissioner Michael Keeler on June 1, 2012. (#41). On July 10, 2012, the parties

filed a proposed pretrial order (#43), which the court signed on July 17, 2012 (#46). On July 12, 2012, plaintiff filed the instant motion for sanctions. (#44). Defendants filed an opposition on July 27, 2012 (#48), and plaintiff filed a reply on August 6, 2012 (#49).

On August 14, 2012, the court issued an order scheduling a settlement conference for January 8, 2013. (#50). On August 17, 2012, the court issued a minute order scheduling a hearing on the motion for sanctions. (#51).

**B.   Request for Sanctions- Default Judgment**

    **1.   Relevant Facts**

Plaintiff asserts that defendants did not produce witness John Freeman[1] for his deposition on June 1, 2012 at 1:00 p.m., despite the fact that the plaintiff noticed the deposition on May 22, 2012 (#41). (#44 Exhibit 2, Certificate of Non-Appearance). Plaintiff alleges that no efforts were made on the part of defendants to subsequently produce the witness. *Id.* During the deposition of DelVillan, plaintiff learned of a "critical witness regarding the events and circumstances of this case: Sergeant Dennis Brown." *Id.* Plaintiff asserts that Sergeant Brown was the parole board representative presenting the case against plaintiff at both of the Parole Board Hearings at issue, yet defendants never disclosed him. *Id.* DelVillan testified during the deposition that Sergeant Brown "would have probably the most knowledge of what was presented and what went on." *Id* (Exhibit 3). Sergeant Brown has not been disclosed as a witness. *Id.*

Plaintiff asserts that he also learned during the depositions of DelVillan and David Smith that Parole Board Hearings had been recorded or would have been recorded. *Id* (Exhibits 3 and 4). Smith testified that he was unsure if the recordings had been destroyed. *Id* (Exhibit 4). Plaintiff also learned during depositions that signed versions of some documents had not been produced by defendants, such

---

[1] Plaintiff asserts in the motion that Keller did not appear for his deposition, but the certificate of non-appearance is for John Freeman (#44 Exhibit 2) and later in the motion plaintiff refers to the non-appearance of Freeman (#44).

3

as a signed version of the July 17, 2006, Violation Report (Exhibits 3 and 6, deposition transcript of Bartlett and DelVillan).

On June 1, 2012, plaintiff's counsel contacted defense counsel by telephone to discuss (1) defendants' failure to disclose Sergeant Brown as a witness, (2) defendants' failure to produce signed Parol and Probation records, (3) defendants' failure to produce recordings of parole hearings, and (4) Freeman's non-appearance. (#44 Exhibit 7). Defense counsel responded on June 6, 2012, and informed counsel that he located two recordings, but that defendants no longer had copies of the signed Parole and Probation records. (#44 Exhibit 8). Defense counsel stated that defendants had produced CDs of the hearing recordings, but plaintiff's counsel never received the CD. *Id.*

Plaintiff's counsel sent a letter regarding the conversation on June 13, 2012 (#44 Exhibit 7), but defense counsel responded on June 14, 2012, stating that it had not failed to produce documents (#44 Exhibit 9). Defense counsel also stated that plaintiff did not receive the recordings because they were sent to the wrong address, but that the recordings had been sent to the correct address on June 8, 2012. (#44 Exhibit 9). Plaintiff had not received any recordings as of the date of filing the motion. (#44 Exhibit 10).

In defense counsel's letter, he also stated that Mr. Freeman is neither employed by the state nor represented by counsel, and that counsel "instructed him to attend and that is the full extend of the Nevada Attorney General's Office's obligation." (#44 Exhibit 9). Defense counsel also stated that they would not give out Mr. Freeman's address because of the concern of publishing a peace officer's home address.[2] *Id.* With regard to witness Sergeant Brown, defense counsel stated that they discovered that he was a potential witness at the same time plaintiff did, and defendants' "duty to disclose is no greater than [plaintiff's]." *Id.* Defense counsel stated that plaintiff "actually attended the[] hearings" where Sergeant Brown was, and that plaintiff has as much of a duty to disclose him as defendants. *Id.* On July

---

[2] Defense counsel Samuel R. Kern represented during the hearing that the Attorney General's Office would accept service of a deposition subpoena on behalf of Mr. Freeman.

4

9, 2012, defense counsel informed plaintiff that the videos could be picked up at defense counsel's office. (#44 Exhibit 11). Plaintiff asserts that the videos were not playable. *Id.*

### 2. Relevant Law

Plaintiff asks this court to sanction the defendants in the form of default judgment under Federal Rule of Civil Procedure 37.   Rule 37(b)(2)(A) states that "[i]f a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following: (I) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination."

The Ninth Circuit has enumerated a five-part test to determine whether sanctions under Rule 37(b)(2)(A)(vi) are appropriate: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Conn. Gen. Life Ins. v. New Images of Beverly Hills*, 482. F.3d 1091, 1096 (9th Cir. 2007) (citing *Jorgensen v. Cassiday*, 320 F.3d 906, 912 (9th Cir. 2003) (citations omitted); *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir.1998) (citation omitted); *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (identifying similar factors to be considered before granting default judgment under Rule 55(b)).

. . .

### 3. Plaintiff's Argument

#### a. Public's Interest In Expeditious Resolution

Plaintiff asserts that the matter has been pending since August 31, 2009, and that despite several requests, defendants did not provide initial disclosures or responses to written discovery until *after* the court ordered so. (#44). Plaintiff also asserts that even though the court ordered production, defendants "still failed and refused to produce critical documents (and may have in fact destroyed them), ha[ve] failed and refused to disclose critical witnesses, and ha[ve] failed and refused to produce witnesses for deposition." *Id.* Plaintiff argues that this behavior has continuously delayed the litigation and the expeditious resolution of the case, and that this factor weighs in favor of sanctions. *Id.*

#### b. Court's Need To Manage Docket

Defendants' behavior of avoiding discovery has forced plaintiff to bring the issues to the court's attention twice, thereby "unnecessarily clogg[ing] the court's docket." (#44). Plaintiff asserts that "[s]evere sanctions are warranted when "a [party's] noncompliance has caused the action to come to a halt, thereby allowing the [party], rather than the court, to control the pace of the docket." *Allen v. Bayer Corp.* (*In re: Phenylpropanolamine (PPA) Prods. Liab. Litig.*), 460 F.3d 1217, 1234 (9th Cir. 2006) (citations omitted). Plaintiff argues that defendants' actions have caused the action to come to a halt and that defendants are essentially managing the docket, not the court. (#44). Therefore, plaintiff asserts, the court's need to manage its docket weighs in favor of dispositive sanctions. *Id.*

#### c. Risk of Prejudice

Plaintiff asserts that "defendants engaged in month-long strategy to prevent production of documents and identification of witnesses," and that this is considered sufficient prejudice to plaintiff. (#44)(citing *Allen*, 460 F.3d at 1227 ("Failing to produce documents as ordered is considered sufficient prejudice.")(citations omitted)). Plaintiff also asserts that "prejudice is presumed from an unreasonable delay, and the burden to show actual prejudice shifts to the party seeking the sanction only after the responding party has given a nonfrivolous excuse for the delay." *Id;* citing *Hernandez v. City of El*

6

*Monte*, 138 F.3d 393, 400-01 (9th Cir.1998).

### d. Public Policy Favoring Disposition on the Merits

Plaintiff asserts that the entry of default would, of course, prevent disposition of the case on its merits, but that the "severity of these sanctions must be balanced against [d]efendants' deliberate pattern of obstruction of discovery to prevent [p]laintiff from obtaining evidence." (#44).

### e. Less Drastic Sanctions

Factors that indicate whether a court has considered alternatives include, *inter alia*, whether the court implemented alternative methods of sanctioning or curing the malfeasance before ordering dismissal. *Allen*, 460 F.3d at 1228-29, *quoting Malone v. U.S. Postal Service*, 833 F.2d 128, 132 (9th Cir. 1987). Plaintiff argues that since the court has already sanctioned defendants in the form of monetary sanctions for their discovery violations and defendants still refuse to provide discovery, it is clear that less drastic sanctions will not be successful and default judgment is appropriate.

### 3. Defendants' Arguments

Defendants assert that since the court granted plaintiff's motion to compel on April 19, 2012, defendants have provided initial disclosures, responded to discovery requests, and made three supplemental disclosures, which included recordings of the Parole Board Hearings. (#48). Defendants argue that the discovery issues mentioned by the plaintiff are either "not within the [defendants'] control, or had been resolved before [p]laintiff's [m]otion was filed." *Id.*

"Dismissal is a harsh penalty and, therefore, it should only be imposed in extreme circumstances." *Hernandez*, 138 F.3d at 399. "Only willfulness, bad faith, and fault justify terminating sanctions," and "[t]he most critical factor to be considered in case-dispositive sanctions is whether a party's discovery violations make it impossible for a court to be confident that the parties will ever have access to the true facts." *Conn. Gen. Life Ins.*, 482. F.3d 1091, 1096-1097. Defendants argue that the Ninth Circuit's five-part test weighs against dismissal, because the matter will not be delayed, as trial is set for February 12, 2013, everything the defendants have has been provided, the defendants are not

7

1  clogging the docket, there is no prejudice to plaintiff, the facts that remain in controversy are very
2  limited, and less drastic sanctions, if any are necessary, are available.  (#48).

### a. Expeditious Resolution and Manage Docket

Defendants assert that the action has not been pending since August 2009, and that service was not perfected until April 7, 2010.  (#48).  Defendants have complied with the court's order on the motion to compel, and have made every effort to comply with plaintiff's discovery requests.  *Id.*  Defendants simply overlooked Sergeant Brown's involvement due to the illegible signature, and "will disclose Mr. Brown as a [defendant] witness if plaintiff so desires and will make Mr. Brown available for deposition."  *Id.*  Defendants assert that the authenticity of a single document without a signature is not in dispute, and that defendants could not control Mr. Freeman's appearance at the deposition.  *Id.*

The defendants assert that there are "fairly simple solutions" to the issues and that defendants are willing to work with plaintiff to resolve any issues to the best of their ability.  *Id.*  Defendants state that there are seven months before trial, and only one possible deposition is needed.  *Id.*  The first two factors weigh against dispositive sanctions.  *Id.*

### b. Prejudice

Defendants argue that the plaintiff has failed to demonstrate any real prejudice, as none of the issues asserted by plaintiff either impair the plaintiff's ability to go to trial or threaten to interfere with the rightful decision of the case.  (#48)(citing *Malone v. United States Postal Serv.,* 833 F.2d 128, 131 (9th Cir. 1987)).  Defendants assert that (1) the limited additional discovery that *may* be necessary, the deposition of Sergeant Brown, can easily be scheduled, (2) remaining issues of fact are not ones that discovery will clarify, and (3) plaintiff has mis-characterized facts and plaintiff is fully capable of preparing for trial.  *Id.*  This factor weighs against dispositive sanctions.  *Id*

### c. Public Policy

Defendants state that this factor clearly weighs against dismissal and that plaintiff even admits this fact.  (#48).  Defendants argue that default judgment is not a decision on the merits, and that the

8

public policy favoring disposition on the merits is "particularly important in civil rights cases." *Id* (citing *Hernandez,* 138 F.3d at 399-400)(citing *Eldridge v. Block*, 83 F.2d 1132, 1137 (9th Cir. 1987).

### d. Less Drastic Sanctions

Defendants assert that it is plaintiff that has foreclosed the possibility of equitably resolving the issues presented, and that sanctions should not be imposed against defendants. (#48). Defendants reiterate that the deposition of Sergeant Brown can be scheduled and that they do not have control of Mr. Freeman. *Id.* The defendants state that, "[a]s a side note," since the recordings of the Parole Board Hearings were produced well before the plaintiff's motion but after plaintiff had deposed defense witnesses, defendants offered on June 6, 2012, to draft a motion requesting discovery be opened in order to allow plaintiff to depose witnesses regarding the information derived from the recording." (#48 Exhibit G). The defendants argue that there have never been any intentional withholding of information or evidence or bath faith by defendants, and that they have been trying to work with plaintiff to resolve any issues. *Id.*

### C.   Discussion

The trial in this matter is not set until February 12, 2013 (#46), and the discovery issues that remain are few (#44, #48, and #49). After reviewing the discovery history in this matter, the court finds that there is not sufficient culpable intent on the part of the defendants to warrant default judgment. *Hernandez*, 138 F.3d at 399; *Conn. Gen. Life Ins.*, 482. F.3d at 1096-1097. The court recognizes, however, that as defendants' discovery abuses have interfered with the expeditious resolution of the case and hindered plaintiff's ability to discover all the facts of the case, sanctions are appropriate.

In determining whether to impose dispositive sanctions, the court must weigh several factors, including "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Conn. Gen. Life Ins.*, 482. F.3d at 1096.

While the first and second factors weigh towards dispositive sanctions, as the action has been pending in this court since August 31, 2009 (#1), and defendants have caused unnecessary delays during discovery (#30 and #44), the court's inquiry does not stop there. *Id.* If dispositive sanctions are not imposed, the court finds that there are means, as discussed below, to ensure that plaintiff is not prejudiced and that all the facts of the case are discovered at no additional cost to the plaintiff. *Id.* The third factor can be resolved to weigh against dispositive sanctions. *Id.* As all parties agree, dispositive sanctions foreclose the possibility of the disposition of the action in its merits, and the fourth factor relating to public policy weighs against imposing such sanctions. *Id.* With regard to the availability of less drastic sanctions, the plaintiff correctly points out that the court has already imposed monetary sanctions and has forbid defendants from filing dispositive motions as punishment for their discovery abuses. (#39). These sanctions, however, are not the extent of the sanctions available to the court. *See* Fed. R. Civ. P. 37(b)(2)(A).

In weighing the public policy favoring disposition of cases on their merits and the risk of prejudice to the plaintiff, the parties must proceed as follows:

(1) On or before October 3, 2012, defendants must pay plaintiff $2,000 in monetary sanctions.

(2) On or before December 5, 2012,

  (a) Plaintiff may conduct two Rule 30(b)(6) depositions of custodians of records that were allegedly destroyed. The purpose of the depositions is to examine the custodians to establish what, if any, documents are missing from the plaintiff's Parole and Probation file and to explore defendants' assertion that the unsigned documents at issue are in fact identical to the signed, but destroyed or missing, copies. Defendants will bear all costs of the these depositions.

  (b) Plaintiff may conduct three depositions, consisting of two hours of examination by the plaintiff, relating to new issues, if any, in light of the recordings of the

Parole and Probation Hearings. Defendants will bear all costs of these depositions.

    (c)    Plaintiff may take the deposition of Mr. Freeman and Sgt. Brown. Plaintiff may serve the deposition subpoena for Mr. Freeman on the Attorney General's Office. Defendants must cooperate with plaintiff to ensure the deponents are available and appear for their depositions.

(3)    On or before December 15, 2012, the parties must file an amended/supplemental Joint Pre-Trial Order.

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiff Cary Pickett's Motion for Sanctions Regarding Discovery (#44) is GRANTED in part and DENIED in part, as discussed above.

IT IS THEREFORE ORDERED that the parties must proceed as outlined above.

DATED this 19th day of September, 2012.

**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**

11