UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CARY J. PICKETT,<br><br>　　　　Plaintiff,<br><br>v.<br><br>NEVADA BOARD OF PAROLE COMMISSIONERS and NEVADA DEPARTMENT OF PUBLIC SAFETY DIVISION OF PAROLE AND PROBATION,<br><br>　　　　Defendants. | 2:09-CV-01695-PMP-VCF<br><br>ORDER |

　　　　Presently before the Court is Defendants Nevada Board of Parole Commissioners ("Parole Board") and Nevada Department of Public Safety Division of Parole and Probation's ("Division") Motion for Summary Judgment (Doc. #75), filed on April 3, 2013. Plaintiff Cary J. Pickett ("Pickett") filed an Opposition (Doc. #77) on April 17, 2013. Defendants filed a Reply (Doc. #80) on May 1, 2013.

　　　　Also before the Court is Pickett's Motion for Summary Judgment (Doc. #76), filed on April 3, 2013. Defendants filed an Opposition (Doc. #78) on April 17, 2013. Pickett filed a Reply (Doc. #79) on May 1, 2013.

　　　　Also before the Court is Pickett's Motion for Leave to File Amended Complaint (Doc. #81), filed on June 14, 2013. Defendants filed an Opposition (Doc. #82) on June 28, 2013. Pickett did not file a reply.

///

///

# I. BACKGROUND

The parties are familiar with the facts of this case and the Court will repeat them here only as necessary. Pickett filed his Complaint against Defendants in this Court on August 31, 2009, alleging violations of his civil rights pursuant to 42 U.S.C. § 1983. (Compl. (Doc. #1).) Discovery concluded on December 5, 2012. (Mins. of Proceedings (Doc. #53).) The parties briefed cross motions for summary judgment, concluding on May 1, 2013. On June 14, 2013, Pickett moved for leave to amend his Complaint to add seven new defendants and a claim for injunctive relief.

# II. DISCUSSION

## A. Motion for Leave to Amend

Pickett moves to amend his Complaint to include seven additional defendants who were either employees of the Division or members of the Parole Board during the relevant period. Pickett also seeks to add a claim for injunctive relief. Pickett argues he did not learn the names and roles of six of the proposed defendants until May 2012, and the seventh remained unknown until August 2012.

Pickett argues the additional claim for injunctive relief would not cause undue delay because he would not require further discovery. Pickett further argues the proposed defendants will not be prejudiced if leave to amend is granted because they have had constructive notice of the action. Finally, Pickett argues amendment would not be futile as barred by the statute of limitations because his new claims relate back.

Defendants oppose the motion, arguing that Pickett knew the identities of the proposed defendants since 2007, before Pickett filed his Complaint in this case. Defendants argue the proposed defendants will be prejudiced because they were deposed as witnesses, not defendants, and had no notice of potential personal liability. Defendants also contend they will be prejudiced because the addition of the proposed defendants will expand Defendants' potential liability. Defendants contend the amended complaint does not relate

back and should be barred by the statute of limitations.

Where a party seeks to amend a pleading after the pretrial scheduling order's deadline for amending the pleadings has expired, the moving party must satisfy the stringent "good cause" standard under Federal Rule of Civil Procedure 16, not the more liberal standard under Rule 15(a). Amerisource Bergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 952 (9th Cir. 2006); see also Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992) (noting once a district court files a pretrial scheduling order under Federal Rule of Civil Procedure 16 establishing a timetable for amending pleadings, that rule's standards control). Unlike Rule 15(a)'s relaxed amendment policy, which focuses on undue delay and prejudice to the other party, Rule 16(b)'s "good cause" standard centers on the moving party's diligence. Johnson, 975 F.2d at 609.

A "district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." Id. (quotation omitted). If the moving party is able to satisfy the good cause standard under Rule 16, then the Court will examine whether the amendment is proper under Rule 15(a). Id. at 607-08. The good cause standard typically will not be met where the party seeking to modify the scheduling order has been aware of the facts and theories supporting amendment since the inception of the action. See United States v. Dang, 488 F.3d 1135, 1142-43 (9th Cir. 2007).

Whether to modify the scheduling order and allow amendment lies within the Court's discretion. Id. Filing a motion for leave to amend after discovery has closed and pending summary judgment motions have been fully briefed "weighs heavily against allowing leave. A motion for leave to amend is not a vehicle to circumvent summary judgment." Schlacter-Jones v. Gen. Tel. of Cal., 936 F.2d 435, 443 (9th Cir. 1990), overruled on other grounds, Cramer v. Consol. Freightways, Inc., 255 F.3d 683 (9th Cir. 2001); see also M/V Am. Queen v. San Diego Marine Constr. Corp., 708 F.2d 1483, 1492 (9th Cir. 1983) (finding a proper exercise of discretion in refusing to allow amendment

where "a motion for summary judgment was pending and possible disposition of the case would be unduly delayed by granting the motion for leave to amend").

Although Rule 16(b) does not require a showing of prejudice, the Court may consider whether prejudice would result to the party opposing amendment. Coleman v. Quaker Oats Co., 232 F.3d 1271, 1295 (9th Cir. 2000). Prejudice has been found where the plaintiff moved to amend late in the proceedings, thereby requiring the defendant to go "through the time and expense of continued litigation," as a result of the plaintiff's failure to carefully read the statute governing his claim. Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1151 (9th Cir. 1989) (quotation omitted).

Here, Pickett was not diligent in seeking amendment to add the proposed defendants. Pickett filed his Complaint in this Court on August 31, 2009. The current Scheduling Order required motions to amend pleadings or add parties be filed by December 1, 2011. (Scheduling Order (Doc. #25) at 2.) The Scheduling Order also required that any motion to modify the Scheduling Order be made by February 29, 2012. (Id. at 4.) The current Pretrial Order was entered on December 17, 2012. (Pretrial Order (Doc. #58).) Pickett moved for leave to amend on June 14, 2013. The Court will construe Pickett's Motion for Leave to File Amended Complaint as a motion to amend the Scheduling Order.

Pickett has not shown good cause to amend the Scheduling Order because he has not been diligent. Even accepting Pickett's contention that he did not discover the names and roles of all seven of the proposed defendants until August 2012,[1] Pickett does not explain why he waited ten months until June 2013 to move to amend the Complaint. Nor does Pickett explain why he delayed six months after discovery ended in December 2012 to move to add the claim for injunctive relief. Pickett moved for leave to amend to circumvent

---

[1] The record indicates Pickett likely knew the names and roles of five of the seven proposed defendants as early as 2007. He was represented by counsel during the events at issue and identified the proposed defendants in his pleadings in an earlier proceeding. (See, e.g., Defs.' Resp. to Mot. to Amend (Doc. #82), Exs. B-C at 1-2, Ex. D at 3, Ex. E at 4, Ex. F at 13-20, Ex. G at 88-89.)

4

Defendants' Motion for Summary Judgment, filed on April 3, 2013, but delayed an additional ten weeks to move to amend.

In addition to the lack of diligence, Pickett's proposed amendment would prejudice the proposed defendants. Pickett seeks to add seven new defendants, each of whom are being sued in their official and individual capacities. Pickett argues that each of the proposed defendants "has notice of this action and the claims asserted herein." (Pl.'s Mot. for Leave to Amend Compl. (Doc. #81) at 4.) Pickett relies on a Seventh Circuit case which found no prejudice where the additional defendants were active participants in the litigation. However, Pickett fails to demonstrate that the proposed defendants were active participants in this case. The only involvement Pickett identifies is that six of the seven prospective defendants were deposed as witnesses. Moreover, the addition of seven new defendants at such a late stage in litigation, and the resulting expense of continued litigation, could have been avoided had Pickett included the proposed defendants whose identities he knew from the inception of the case in the original pleadings. Alternatively, Picket could have moved for leave to amend at an earlier date, such as once he knew the identities of all seven of the proposed defendants in August 2012.

Pickett has failed to demonstrate good cause to amend the Scheduling Order under Rule 16. To amend the Scheduling Order despite Pickett's lack of diligence and after a fully briefed summary judgment motion would lead to further delay and would prejudice the proposed defendants. The Court in its discretion therefore will deny Pickett's Motion for Leave to Amend.

**B.   Summary Judgment**

Summary judgment is appropriate if the pleadings, the discovery and disclosure materials on file, and any affidavits "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is "material" if it might affect the outcome of a suit, as determined by the

governing substantive law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  An issue is "genuine" if sufficient evidence exists such that a reasonable fact finder could find for the non-moving party.  Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).

Initially, the moving party bears the burden of proving there is no genuine issue of material fact.  Leisek v. Brightwood Corp., 278 F.3d 895, 898 (9th Cir. 2002).  After the moving party meets its burden, the burden shifts to the non-moving party to produce evidence that a genuine issue of material fact remains for trial.  Id.  The Court views all evidence in the light most favorable to the non-moving party.  Id.

Defendants argue they are entitled to summary judgment because the Eleventh Amendment bars suit against Defendants in federal court, because Defendants are not "persons" under 42 U.S.C. § 1983, and because they are entitled to qualified immunity.  Pickett argues he is entitled to summary judgment because the facts demonstrate Defendants violated his civil rights.  Pickett further argues Defendants are not entitled to immunity because they have not proven their status as state agencies.

A cause of action under § 1983 requires a deprivation of the plaintiff's civil rights by a "person" acting under the color of state law.  42 U.S.C. § 1983.  Neither a state nor its officials acting in their official capacities are "persons" under § 1983.  See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989).  Additionally, state agencies that are arms of the state are not "persons" under § 1983.  Streit v. Cnty. of L.A., 236 F.3d 552, 566 (9th Cir. 2001).  If Defendants are state agencies, they are not "persons" under § 1983.

The record demonstrates Defendants are state agencies.  (See, e.g., Pl.'s Compl. (Doc. #1) at 2, ¶¶ 4-5 (Defendants are "governmental entit[ies] of the State of Nevada at all times mentioned herein acting under the color of law."); Defs.' Ans. (Doc. #18) at 2 ("Defendants admit the allegations contained in paragraphs 4, 5, and 7.").)  The sole claims alleged in Pickett's Complaint are for damages for civil rights violations pursuant to § 1983.

Because Defendants are not persons subject to suit under § 1983, Pickett's Complaint against Defendants is barred.

### III. CONCLUSION

IT IS THEREFORE ORDERED that Defendants Nevada Board of Parole Commissioners and Nevada Department of Public Safety Division of Parole and Probation's Motion for Summary Judgment (Doc. #75) is hereby GRANTED.

IT IS FURTHER ORDERED that Plaintiff Cary J. Pickett's Motion for Summary Judgment (Doc. #76) is hereby DENIED.

IT IS FURTHER ORDERED that Plaintiff Cary J. Pickett's Motion for Leave to File Amended Complaint (Doc. #81) is hereby DENIED.

IT IS FURTHER ORDERED that Defendants Nevada Board of Parole Commissioners and Nevada Department of Public Safety Division of Parole and Probation's Motion in Limine (Doc. #83) is hereby DENIED as moot.

IT IS FURTHER ORDERED that Defendants Nevada Board of Parole Commissioners and Nevada Department of Public Safety Division of Parole and Probation's Motion to Strike Errata (Doc. #88) is hereby DENIED as moot.

IT IS FURTHER ORDERED that Defendants Nevada Board of Parole Commissioners and Nevada Department of Public Safety Division of Parole and Probation's Motion to Strike Affidavit (Doc. #92) is hereby DENIED as moot.

IT IS FURTHER ORDERED that Judgment is hereby entered in favor of Defendants Nevada Board of Parole Commissioners and Nevada Department of Public Safety Division of Parole and Probation and against Plaintiff Cary J. Pickett.

DATED: November 25, 2013

PHILIP M. PRO
United States District Judge