**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| CARY J. PICKETT,<br><br>            Plaintiff,<br><br>vs.<br>NEVADA BOARD OF PAROLE COMMISSIONERS, *et al.*,<br><br>            Defendants. | 2:09-cv-01695-PMP-VCF<br><br>**ORDER** |

Before the Court is Plaintiff's Motion to Withdraw as Counsel (#105).

**Relevant Background:**

On November 26, 2013, the Court granted Defendants Nevada Board of Parole Commissioners and Nevada Department of Public Safety Division of Parole and Probation's Motion for Summary Judgment. (#95). Plaintiff's Motion for Leave to File Amended Complaint was denied. *Id.* Judgment was entered in favor of Defendants Nevada Board of Parole Commissioners and Nevada Department of Public Safety Division of Parole and Probation against Plaintiff Cary J. Pickett. (#96). On December 31, 2013, Plaintiff filed a Request to Represent Himself for the Limited Purpose for Relief Under Rule 60(b). (#'s 101 & 102). On January 10, 2014, Plaintiff's counsel, Mark Bourassa, Esq., filed a Motion to Withdraw as Counsel. (#105).

Mark Bourassa, Esq. and the law firm of The Bourassa Law Group seek to withdraw as counsel for Plaintiff Cary J. Pickett. Mr. Bourassa states that "disputes have arisen between the Firm and Plaintiff regarding the scope and goals of the instant case that have resulted in fundamental

disagreements with Plaintiff as to what actions should be taken in prosecuting this matter." *Id.* On January 14, 2014, Defendants filed a Non-Opposition to the instant motion. (#106).

**Discussion:**

Pursuant to Local Rule IA 10-6(b), "[n]o attorney may withdraw after appearing in a case except by leave of [c]ourt after notice has been served on the affected client and opposing counsel." "Except for good cause shown, no withdrawal or substitution shall be approved if delay of discovery, the trial or any hearing in the case would result." LR IA 10-6(e). Nevada Rule of Professional Conduct 1.16(b)(1) provides that a lawyer may withdraw from representation if "withdrawal can be accomplished without material adverse effect on the interests of the client." NRPC 1.16 also permits withdrawal where "other good cause exists." *See* NRPC 1.16(b)(7).

On November 26, 2013, an Order was entered on dispositive motions (#95); thus, permitting Mark Bourassa, Esq. and the law firm of The Bourassa Law Group to withdraw would not result in delay. LR IA 10-6(e).

Plaintiff Cary Pickett must either retain counsel or file a notice of appearing *pro se* within 30 days from the entry of this order.

Accordingly, and for good cause shown,

IT IS HEREBY ORDERED that the Motion to Withdraw as Counsel (#105) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of the Court will mail a copy of this order to the following:

Cary J. Pickett
Inmate No. 57591
High Desert State Prison
22010 Cold Creek Road
Indian Springs, Nevada  89070

IT IS FURTHER ORDERED that Plaintiff's Request to Represent Himself for the Limited Purpose for Relief Under Rule 60(b) and to Supplement Pleadings (#'s 101 & 102) are DENIED as MOOT.

DATED this 15th day of January, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE